MARY J. CHALMERS, DEFENDANT IN ERROR, v. THE PATERSON, PASSAIC AND SUBURBAN TELEPHONE COMPANY, PLAINTIFF IN ERROR.

Submitted July 6, 1900—Decided April 23, 1901.

The existence of a duty on the part of a telephone company, when constructing a subway, to anticipate and provide against the accumulation of illuminating gas therein, depends upon whether or not the escape of such gas from the mains and service pipes of the gas company can be prevented by the latter by the use of reasonable care.

On error to the Passaic Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff in error, *John W. Harding.*

For the defendant in error, *Eugene Emley* and *Ralph Shaw.*

The opinion of the court was delivered by

GUMMERE, J.  This action was brought to recover damages for personal injuries received by the plaintiff through the alleged negligence of the defendant company in constructing, maintaining and operating its system of underground conduits and manholes on Main street in the city of Paterson. The injuries were received by the plaintiff while walking along this street, and resulted from an explosion at one of the manholes of the defendant company, which threw her to the ground, covering her with stones, dirt and other debris. The explosion was assumed by the trial judge, in his charge to the jury, to have been due to the presence, in the conduit and manholes, of illuminating gas, which had escaped from the pipes of the City Gas Company, and which had become ignited by a fire, built in the street, in close proximity to one of the manholes, by an employe of the defendant.

The suit was brought and tried by the plaintiff upon the theory that a structure such as that of the defendant, when laid under the surface of a public street, was liable to become filled with explosive gases, and that therefore reasonable prudence required the making of suitable provision for freeing these subways from all such gases, and that the failure of the defendant to provide proper vents for the escape thereof contributed to the plaintiff's injuries, and was actionable negligence.

This view of the defendant's duty prevailed with the trial judge, and he left it to the jury to say whether the danger of gas escaping from the gas company's mains or service pipes into the subway of the defendant, and accumulating there, was not one which it should have anticipated; and instructed them that, if the defendant should have anticipated that danger, it was bound, when constructing its subway, to use such appliances for obviating or lessening such danger as were usually adopted to prevent the accumulation of explosive gases in underground conduits, and that its failure to do so formed a basis for holding the defendant responsible for the explosion.

There was an exception taken to this portion of the judge's instruction to the jury, and error is assigned thereon.

It was not disputed that the defendant company had the legal right to construct and maintain its subway in Main street, for the purpose of carrying its telephone wires underground instead of overhead. In doing so the law imposed upon it the duty of using reasonable care not to interfere with the safe public user of the street, and this embraced the duty of adopting reasonable precautions against the accumulation, in its subway, in dangerous quantities, of such explosive gases as it knew, or by the use of reasonable care would have known, would be likely to find their way therein. It was not bound, however, to anticipate and provide against the accumulation therein of gas which would not find its way there except through the negligence of the gas company. That company, although lawfully occupying the streets with its mains and service pipes, for the purpose of distributing its illuminating gas to consumers, was bound to use reasonable care, both in the selection of its mains and service pipes, in the laying of them and in maintaining them afterward, to prevent the escape of its gas, in dangerous quantities, upon or into the property of others; and that this had been done, the defendant had a right to assume when constructing its subway.

If this gas, instead of escaping into the defendant company's manhole, had found its way into the cellar of one of the houses abutting upon Main street, and had there exploded and injured the plaintiff, I doubt if the thought would have occurred to anyone that the owner of the building was responsible for the injury, because he had failed to construct it in such a way as to provide for the venting of the gas from the cellar; and yet no higher degree of responsibility rests upon the defendant company than upon an abutting landowner to take care of gas which escapes upon its property solely by the negligent act, or want of reasonable care, of the gas company.

From what has been stated it will be perceived that, in order to justify the conclusion that the defendant was bound

to take precautions against the accumulation of illuminating gas, in dangerous quantities, in its conduits and manholes, it was incumbent on the plaintiff to show, by competent testimony, that such gas will escape from the mains or service pipes into the adjacent soil, and, so, into structures like the defendant's subway, notwithstanding reasonable effort to prevent it from doing so; and that the defendant knew, or by the use of reasonable care would have known, this fact.    The case, however, is barren of any proof upon this point, and the jury were permitted to hold the defendant responsible for the accumulation of this gas in its subway, without regard to whether its presence there was due entirely to the negligence of the gas company, or in spite of the use of proper means to prevent its escape.

This was error.

The judgment below should be reversed.